**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL WALLER, | ) | CASE NO. 4:21 CV 541 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN BOBBY, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Michael Waller filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. At the time he filed this Petition, he was incarcerated in the Northeast Ohio Correctional Center. He is currently incarcerated in the United States Penitentiary in Marion, Illinois (USP Marion). In this Petition, Waller is challenging his 2014 conviction in the United States District Court for the Western District of Pennsylvania. He states that he is citizen of the State of Pennsylvania but is declaring expatriation from the United States. He contends, without explanation, that this will justify his immediate release from incarceration.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Waller is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to

a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243)

A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition under §2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Each of these statutes provides its own type of relief, and for this reason, they are not interchangeable.

In this case, Waller does not allege facts suggesting he is being held in violation of the United States Constitution or laws or treaties of the United States. His attempt to gain release from federal prison by declaring his intention to remain a citizen of Pennsylvania but renounce his citizenship in the United States is factually and legally frivolous. At best, it is an attack on the legality of his conviction and sentence which must be filed with the sentencing court under 28 U.S.C. § 2255. It cannot proceed in this Court under 28 U.S.C. § 2241.

**IV. Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: October 5, 2021            /s/ John R. Adams
                                 JOHN R. ADAMS
                                 UNITED STATES DISTRICT JUDGE